UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KARON JORDAN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| | ) | No. 3:18-cv-00063 |
| v. | ) | Judge Trauger |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | | |

## MEMORANDUM AND ORDER

Pending before the court is a pro se petition by Karon Jordan under 28 U.S.C. § 2241 for the writ of habeas corpus (Docket No. 1) in which he contends that the court violated his due process rights by failing to amend his pre-sentence report subsequent to his objections during his sentencing hearing. (Docket No. 1). The United States has responded in opposition, urging the court to dismiss the petition because the court lacks jurisdiction to entertain the petition and, even if the court had jurisdiction, the petition must be dismissed for failure to exhaust administrative remedies. (Docket No. 7). The petitioner has replied to the response. (Docket No. 14).

**I.    Background**

The defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing heroin and a mixture and substance containing a quantity of fentanyl. *See United States v. Karon Jordan*, No. 3:14-cr-00090-5 (M.D. Tenn.) (judgment entered 6/13/2017) (Docket No. 1537). Based upon the defendant's guilty plea and conviction, on May 26, 2017, the court sentenced him to a term of 120 months imprisonment, to be followed by a five-year term of supervised release. *Id*. (Docket Nos. 1532, 1537).

At the time of the defendant's sentencing, the court asked the probation officer to reflect only Count One on the cover page and remove the additional counts. *Id*. (Docket No. 1553 at 2).

The defendant objected to paragraphs 10-15 of the pre-sentence report, which set forth information regarding the use of firearms by members of the conspiracy and Jordan's encouragement. *Id*. (Docket No. 1531 at 2). The court denied Jordan's request to remove those paragraphs but agreed to add language on which the parties could agree, that Jordan was not present during those events. *Id*. (Docket No. 1553 at 10). The parties agreed to the language and agreed to place the language in paragraph 16 of the pre-sentence report. (*Id*. at 11-14). The defendant also objected to receiving a 4-level increase for leadership role, and the court determined the defendant should receive a 3-level increase instead of a 4-level increase. (*Id*. at 14-15). According to the United States, these changes, as directed by the court and agreed upon by the parties, have been made to the defendant's pre-sentence report. (Docket No. 7 at 6-7 & Attach. 1).[1]

In his criminal case, the defendant wrote a letter to the court, asking for a copy of his pre-sentence report on September 18, 2017. *See* Case No. 3:14-cr-00090-5 (Docket No. 1564). By order entered on September 26, 2017, the court notified the defendant that he is not allowed to possess a copy of his pre-sentence report while imprisoned. *Id*. (Docket No. 1565). However, the court informed the defendant that he should be able to view the pre-sentence report with his case manager at the institution. (*Id*.)

On January 17, 2018, the petitioner filed the instant motion under 28 U.S.C. § 2241 for the writ of habeas corpus, in which he contends that the court violated his due process rights by failing to amend his pre-sentence report subsequent to his objections during his sentencing hearing. (Docket No. 1). By Order entered on February 14, 2018, the court ordered the United States to file an answer, plead or otherwise respond to the petition in accordance with Rule 5, Rules Gov'g § 2254 Cases, by March 5, 2018. (Docket No. 5). The United States has filed its response. (Docket No. 7).

---

[1] The court has reviewed the May 26, 2017 version of the pre-sentence report in the hands of the Bureau of Prisons, and all revisions ordered by the court at sentencing have been made.

On March 16, 2018, the defendant filed a motion to correct judgment in his criminal case pursuant to Rule 36 of the Federal Rules of Criminal Procedure, in which he contends that his pre-sentence report in the possession of the Bureau of Prisons does not accurately reflect the court's corrections to the pre-sentence report as set forth by the court at the time of the defendant's sentencing. *See id*. (Docket No. 1594). The defendant makes two arguments in his motion to correct judgment: (1) his pre-sentence report was never amended as ordered by the court and as agreed by the parties during the defendant's sentencing hearing; and (2) even if his pre-sentence report was so amended, the pre-sentence report provided to the Bureau of Prisons is an earlier, uncorrected version, or the original pre-sentence report "was incorporated in the written judgment and Statement of Reasons and furnished" to the Bureau of Prisons. (*Id*. at 1). According to the defendant, the pre-sentence report impacts the manner in which he serves his sentence (*id*. at 1), and the consequence of the Bureau of Prisons presently relying on the incorrect pre-sentence report is that the Bureau of Prisons has found the defendant "ineligible under 18 U.S.C. § 3621(e) for a modification of the conditions in his confinement and a one-year reduction in his sentence even if he were to successfully graduate from the 500-hour Residential Drug Abuse Program (RDAP)." (*Id*. at 4). Consequently, the defendant specifically asks the court "[t]o amend the judgment by correcting the PSI and Statement of Reasons and memorializing them in the judgment order and to provide the BOP with a certified copy of the amended judgment and corrected PSI." *Id*. (Docket No. 1594 at 1-2). In addition, the defendant asks the court to recharacterize his Rule 36 motion to correct judgment as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 if the court determines that relief is not available to the petitioner under Federal Rule of Criminal Procedure 36. (*Id*. at 6).

**II.     Analysis**

The petitioner seeks relief pursuant to 28 U.S.C. § 2241, which provides in pertinent part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in

violation of the Constitution or laws or treaties of the United States." § 2241(c)(3).  The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. *See Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]"  A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). The authority to implement a federal sentence of imprisonment lies with the Attorney General through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). Under § 2241, however, the district court may grant relief to a petitioner challenging the computation of his sentence. *Foster v. Zych*, No. 2:09-CV-13661, 2009 WL 3631013, at *2 (E.D. Mich. Oct. 30, 2009) (citing *Wilson*, 503 U.S. at 335 and *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993)).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances.  The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  "Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentences shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction

over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir.1999) (per curiam) (citations omitted); *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *In re Hanserd*, 123 F.3d 922, 925 n.2 (6th Cir.1997); *Silvers v. Drew*, No. 1:09-cv-9, 2009 WL 595931, at *1 (E.D. Tenn. Mar. 5, 2009).

Here, the petitioner erroneously filed his § 2241 petition in the Middle District of Tennessee. He is incarcerated at the Federal Correctional Institution Low in Forrest City, Arkansas. This court does not have jurisdiction to grant the petitioner relief because he is not confined in the Middle District of Tennessee, nor is his custodian located within the Middle District of Tennessee; both are outside the territorial jurisdiction of this court.

The court could transfer this petition to a district court in the appropriate district but the petition is not properly filed pursuant to § 2241. Section 2241 authorizes federal district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). A petition brought under § 2241 generally challenges the execution and manner in which a sentence is served, whereas a petition brought under 28 U.S.C. § 2255 challenges the imposition of a federal sentence.

The petitioner is attacking the imposition of his sentence and, therefore, habeas relief is not available to him under § 2241, unless relief under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d 753, 755-56. The petitioner carries the burden of demonstrating that the savings clause applies. *See id*. The petitioner, however, has not met this burden. The petitioner makes no argument that he is actually innocent of the offense of conviction. His challenges to the pre-sentence report do not come within the savings clause of § 2255. *See Welch v. United States*, No. 14-1296-JDT-egb, 2015 WL 73588, at *4-5 (W.D. Tenn. Jan. 6, 2015) (denying petitioner relief under § 2241, where he filed in the wrong judicial district, the claims he asserted challenged the

imposition of his sentence, and his challenges to the sentence imposed did not come within the savings clause of § 2255).

Furthermore, in the petitioner's criminal case, in which he has filed a motion to correct judgment under Federal Rule of Criminal Procedure 36 making the same arguments as those he makes in the instant habeas petition, the petitioner asks the court to recharacterize his motion to correct judgment as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, if the court determines that relief is not available to the petitioner under Rule 36. *See* 3:14-cr-00090-5 (Docket No. 1594 at 6). "The remedy afforded under 2241 is not an additional, alternative or supplemental remedy to that prescribed under 2255." *Charles*, 180 F.3d at 758. Under these circumstances, the court elects not to transfer the instant § 2241 petition, which the petitioner filed in the wrong judicial district, and opts to dismiss the petition instead, with full knowledge that the petitioner has remedies still available to him in another case pending before this court.

## III. Conclusion

For the reasons discussed herein, Karon Lee Jordan's pro se petition under 28 U.S.C. § 2241 for the writ of habeas corpus (Docket No. 1) is **DENIED.**

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

If the petitioner files a notice of appeal, he must either pay the entire $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917 or obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the party must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R.App. P. 24(a)(4)-(5).

In this case, because the petitioner clearly is not entitled to relief in this § 2241 petition, the court finds that any appeal of this order would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is **DENIED**. Accordingly, if the petitioner files a notice of appeal, he must pay the full $505 appellate filing fee to this court or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

ENTER this 6th day of September 2018.

_____
Aleta A. Trauger
United States District Judge